UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKI SUE GRABOW,

    Plaintiff,

Case No. 20-cv-10985
Hon. Matthew F. Leitman

v.

ANDREW SAUL,

    Defendant.
_____/

**ORDER (1) SUSTAINING PLAINTIFF'S OBJECTIONS (ECF No. 20) TO REPORT AND RECOMMENDATION (ECF No. 19); (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 13); (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15); AND (4) REMANDING ACTION FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

In this action, Plaintiff Jacki Sue Grabow challenges the denial of her applications for disability insurance benefits and disabled widow's benefits under the Social Security Act. (*See* Compl., ECF No. 1.) Both Grabow and Defendant Andrew Saul, the Commissioner of Social Security, filed motions for summary judgment. (*See* Mots., ECF Nos. 13, 15.) The assigned Magistrate Judge then issued a Report and Recommendation in which he recommended that the Court deny Grabow's motion and grant the Commissioner's motion (the "R&R"). (*See* R&R, ECF No. 19).

1

Grabow has now filed timely objections to the R&R. (*See* Objections, ECF No. 20.) The Court has reviewed Grabow's objections and concludes that she is entitled to relief. Therefore, for the reasons explained below, the Court **SUSTAINS** Grabow's objections, **GRANTS** her motion for summary judgment, **DENIES** the Commissioner's motion, and **REMANDS** this action for further administrative proceedings.

I

A

On October 4, 2016, Grabow applied for disability insurance benefits and disabled widow's benefits under the Social Security Act. (*See* ECF No. 11, PageID.277-284.) Grabow claimed that she was disabled and entitled to benefits due to severe injuries that she sustained in a car crash. Grabow suffered from, among other things, a shattered right kneecap that required surgical repair, an arm injury, and a right finger injury that caused "severe swelling." (*Id.*, PageID.310.) The Social Security Administration denied her applications on June 5, 2017. (*See id.*, PageID.162-177.)

After the Social Security Administration denied Grabow's applications, she sought a hearing on that decision before an Administrative Law Judge (the "ALJ"). That hearing was held on January 7, 2019. Both Grabow and a vocational expert testified at the hearing. (*See* ALJ Hr'g Tr., *id.,* PageID.86-135.) Grabow also

provided certain medical evidence to the ALJ, including treatment records from Molly Minard of St. Joseph Bone & Joint Center. (*See* Medical Records, *id.*, PageID.453-454.) Minard is a physician assistant who specializes in orthopedics.[1] She treated Grabow numerous times following Grabow's knee surgery. (*See id.*, PageID.423, 425, 427, 429, 431, and 454.) And several of her reports were co-signed by a physician. (*See, e.g., id.*, PageID.425, 427, 429.) Relevant here, Minard saw Grabow on December 28, 2016, for a re-check following Grabow's knee surgery. (*See id.*, PageID.454.) At that appointment, Grabow said that she had a "bandlike tightness around [her] knee." (*Id.*) She reported that she was "unable to kneel onto the knee and [was] unable to stoop or squat because of the deficit still in her range of motion." (*Id.*) After examining Grabow, Minard opined that Grabow's recovery had "plateaued." (*Id.*) And Minard determined that Grabow had a "range of motion deficit of the right knee which [was] likely to be long lasting." (*Id.*) Minard concluded that "[u]nfortunately, this [deficit in Grabow's right knee] will prevent [Grabow] from certain activities such as kneeling, stooping, and climbing." (*Id.*)

The ALJ issued a written decision denying Grabow's applications for benefits on February 26, 2019 (the "ALJ's Decision"). (*See* ALJ's Decision, *id.*, PageID.68-77.) The ALJ first determined that Grabow suffered from the following severe impairments: "right knee post ORIF post MVA and torn meniscus, osteoporosis of

---

[1] *See* https://www.doximity.com/pub/molly-minard-pa.

the lumbar spine, osteopenia of the bilateral hips, degenerative disc disease, ocular hypertension of the left eye, bilateral posterior capsular opacification, [and] bilateral psuediophakadia." (*Id.*, PageID.71.) The ALJ then found that Grabow did "not have an impairment or combination of impairments that meets or medically listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*, PageID.72.) For instance, the ALJ explained that Grabow had failed to demonstrate that she suffered from a "musculoskeletal impairment severe enough to meet the requirements of section 1.000 of the listings." (*Id.*) The ALJ also concluded that there was "no evidence of a major dysfunction of any joint, including weightbearing, characterized by gross anatomical deformity and chronic joint pain and stiffness with signs of limitation of motion, as well as imaging of joint space narrowing, bony destruction or ankylosis." (*Id.*)

Next, the ALJ concluded that Grabow had the residual functional capacity ("RFC") to perform "light work" that required her to "occasionally stoop, couch, brawl, and kneel." (*Id.*, PageID.72-73.) In reaching this conclusion, the ALJ reviewed Grabow's medical records and considered the opinions of three outside sources: Minard; Dr. Martha Pollock, a consulting physician who examined Grabow in May 2017; and Dr. Reuben Henderson, a state agency physician who reviewed Grabow's medical records in May 2017. The ALJ provided "some weight" to Dr. Pollock's opinion; "great weight as of the date rendered" to Dr. Henderson's

4

opinion; and only "little weight" to Minard's opinion. (*Id.*) The ALJ explained his discounting of Minard's opinion in a single sentence: "Minard's opinion is accorded little weight as she is not the physician who performed the surgery and her opinion predates subsequent treatment in the record." (*Id.*)

Finally, after adopting the light-work RFC, the ALJ found that Grabow was "capable of performing [her] past relevant work as an inspector and hand packager" because that work did "not require the performance of any work-related activities precluded by [Grabow's RFC]." (*Id.*, PageID.76-77.) The ALJ therefore concluded that Grabow was "not disabled" and not entitled to benefits. (*Id.*, PageID.77.)

Grabow appealed the ALJ's Decision to the Appeals Council, but that body denied review. (*See id.*, PageID.54-57.)

**B**

On April 21, 2020, Grabow filed this action seeking judicial review of the administrative decision denying her applications for benefits. (*See* Compl., ECF No. 1.) Grabow and the Commissioner then filed cross-motions for summary judgment. (*See* Grabow Mot., ECF No. 13; Comm'r Mot., ECF No. 15.)

In Grabow's motion, she argued that the ALJ did not provide sufficient reasons for assigning only little weight to Minard's opinion that she could not stoop or kneel. (*See* Grabow Mot., ECF No. 13, PageID.768.) And Grabow insisted that

the ALJ erred when he adopted an RFC that required Grabrow to occasionally stoop and kneel. (*See id.*)

The assigned Magistrate Judge issued a report and recommendation on the parties' cross-motions on May 30, 2021. (*See* R&R, ECF No. 19.) The Magistrate Judge recommended granting the Commissioner's motion and denying Grabow's motion. (*See id.*) The Magistrate Judge agreed with the Commissioner that "the ALJ properly weighed [] Minard's opinion." (*Id.*, PageID.822; *see also id.*, PageID.828-829.)

Grabow timely filed her objections to the R&R on June 14, 2021. (*See* Objections, ECF No. 20.) The Commissioner responded to the objections on June 28, 2021. (*See* Comm'r Resp. to Objections, ECF No. 21.)

## II

The Court agrees with Grabow that the ALJ did not provide sufficient reasons for assigning only little weight to Minard's opinion. Simply put, the ALJ's reasons for discounting Minard's opinion cannot logically be squared with his decision to accord greater weight to the opinions of Drs. Pollack and Henderson. Indeed, the ALJ assigned Minard's opinion little weight because she was not the physician who performed Grabow's knee surgery and because her opinion pre-dates certain treatment in the record, but both of those reasons fully apply to Drs. Pollack and Henderson as well. Neither of them performed Grabow's surgery. Dr. Henderson

6

never even examined Grabow; he merely reviewed her records. And both Drs. Pollack and Henderson offered their opinions before Grabow obtained later treatment on her knee. Since the ALJ's reasons for discounting Minard's opinion also applied to Drs. Pollack and Henderson, he should have discounted their opinions too, or, at a minimum, carefully explained why their opinions were entitled to greater weight even though they suffered from the same purported weaknesses as Minard's opinion. The ALJ's failure to do either renders his rejection of Minard's opinion not logically consistent.

The Commissioner responds that the ALJ properly discounted Minard's opinion because it was "not an opinion from an 'acceptable medical source.'" (Comm'r Resp. to Objections, ECF No. 21, PageID.843, quoting 20 C.F.R. § 404.1502.) According to the Commissioner, because Minard is a physician assistant, and not a physician like Drs. Pollack and Henderson, the applicable guidelines permitted the ALJ to assign her opinion less weight. (*See id.*) But the ALJ never said – or even hinted – that he was discounting Minard's opinion because she was a physician assistant or because she was not an acceptable medical source. On remand, if the ALJ chooses to discount Minard's opinion because she is not an acceptable medical source, he should clearly say so. In addition, when considering what weight to assign Minard's opinion, it would be helpful if the ALJ "us[ed] the applicable factors, including how long [Minard] has known [Grabow], how

7

consistent [her] opinion is with other evidence, and how well [Minard] explain[ed] her] opinion." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).

The Commissioner further argues that the ALJ was not "required to accord any special deference" to Minard's opinion, "but rather he [was] 'merely required to consider [that] opinion[] and provide a sufficient explanation to allow a subsequent reviewer to follow his reasoning.'" (Comm'r Resp. to Objections, ECF No. 21, PageID.845, quoting *Liu v. Comm'r of Soc. Sec.*, 2020 WL 2733868, at *10 (E.D. Mich. May 26, 2020).) But that is no answer here because, for all of the reasons explained above, the ALJ's reasoning was not logically consistent.

Finally, the Commissioner suggests that the Court must read the ALJ's decision as a whole, and the Commissioner argues that the ALJ's discussion of the other medical evidence in the record provides a clear and reasonable picture as to why the ALJ decided to accord little weight to Minard's opinion. (*See id.*, PageID.848-849.) The Court disagrees. The ALJ's discussion of the remaining medical evidence does not explain in sufficient detail why the stooping and kneeling restrictions recommended by Minard are not necessary. If the ALJ believes that the other medical evidence in the record undermines Minard's opinion as to those restrictions, the ALJ should clearly explain the basis of that belief on remand.

8

## III

For all of the reasons explained above:

- Grabow's objections to the R&R (ECF No. 20) are **SUSTAINED**;

- Grabow's motion for summary judgment (ECF No. 13) is **GRANTED**;

- The Commissioner's motion for summary judgment (ECF No. 15) is **DENIED**; and

- This action is **REMANDED** to the Commissioner for further administrative proceedings consistent with this order.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 8, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 8, 2021, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764