UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACKI SUE GRABOW,

      Plaintiff,                         Case No. 20-cv-10985
                                        Hon. Matthew F. Leitman

v.

ANDREW SAUL,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S APPLICATION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT (ECF No. 24)

In this action, Plaintiff Jacki Sue Grabow alleged that Defendant Commissioner of Social Security wrongly denied her applications for disability insurance benefits and disabled widow's benefits under the Social Security Act. (*See* Compl., ECF No. 1.)  Both parties filed cross-motions for summary judgment. (*See* Grabow Mot. for Summ. J., ECF No. 13; Comm'r Mot. for Summ. J., ECF No. 15.) On July 8, 2021, the Court granted Grabow's motion for summary judgment, denied the Commissioner's motion for summary judgment, and remanded this action for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). (*See* Order, ECF No. 22.)  Grabow has now filed an Application for Attorneys' Fees and Costs Pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412. (*See* Appl., ECF No. 24.)  Grabow seeks attorneys' fees in the amount of $8,714.00

1

and an additional $17.25 in expenses. (*See id.*, PageID.863; Grabow Reply Br., ECF No. 26, PageID.898.)  The Commissioner opposes an award of fees and costs. (*See* Comm'r Resp., ECF No. 25.)  For the reasons explained below, the Application is **GRANTED**.

**I**

"The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action." *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016).  "Under the EAJA, 'a court shall award to a prevailing party' in a civil action against the United States 'fees and other expenses ... unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Glenn v. Comm'r of Sec. Sec.*, 763 F.3d 494, 498 (6th Cir. 2014) (quoting 28 U.S.C. § 2412(d)(1)(A); *DeLong v. Comm'r of Sec. Sec.*, 748 F.3d 723, 725 (6th Cir. 2014)).

The Commissioner does not dispute that Grabow is the prevailing party here. (*See* Comm'r Resp., ECF No. 25, PageID.887, citing *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993) (noting that "a party who wins a sentence-four remand order is a prevailing party").)  Nor does the Commissioner claim that there are special circumstances that warrant denying Grabow's application for attorneys' fees. (*See id.*)  Finally, the Commissioner does not take issue with the amount of fees requested by Grabow.  Instead, the Commissioner insists that Grabow is not entitled to fees

2

and costs because the Commissioner "was substantially justified in defending this case." (*Id.*)

"The Government bears the burden of proving that a given position was substantially justified." *DeLong*, 748 F.3d at 725. To meet this burden, the Commissioner must demonstrate that her position was "justified to a degree that could satisfy a reasonable person" and that her position had "a reasonable basis both in law and fact." *Glenn*, 763 F.3d at 498 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). "[I]n the vast majority of cases, a position defending a final administrative decision despite its imperfections will be justified." *DeLong*, 748 F.3d at 728.

In reviewing whether the Commissioner's position "was substantially justified," the Court considers both "the position taken by the United States in the civil action [and] the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2). The Court then makes a single determination of whether the Commissioner's position "as a whole" was substantially justified. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (*quoting E.E.O.C. v. Memphis Health Ctr., Inc.*, 526 F. App'x 607, 615 (6th Cir. 2013)).

## II

Here, the Commissioner's position as a whole was not substantially justified. As the Court explained in its order granting Grabow's motion for summary

judgment, at the administrative level, the Administrative Law Judge (the "ALJ") "did not provide sufficient reasons for assigning only little weight" to the opinions of Molly Minard, an orthopedic physician assistant who treated Grabow several times following Grabow's knee surgery. (Order, ECF No. 22, PageID.855, 858-860.) The Court further concluded that the ALJ failed to apply the "applicable factors" to his review of Minard's opinions, such as "how long [Minard] has known [Grabow], how consistent [her] opinion is with other evidence, and how well [Minard] explain[ed her] opinion." (*Id.*, PageID.860, quoting *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007).).   The Commissioner then defended those failures in this Court. (*See* Comm'r Mot., ECF No. 15.)

The Commissioner responds that her position was substantially justified because the ALJ made a "mere articulation error[]." (Comm'r Resp., ECF No. 25, PageID.888.)   The Commissioner insists that "[t]he issue, when consideration the award of attorney's fees to a prevailing party under the EAJA, is not whether the ALJ gave adequate articulation to his findings, but whether the Commissioner was justified in supporting the ALJ's decision to deny benefits based on the record." (*Id.*, quoting *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072, at *4 (6th Cir. Nov. 12, 1999).)   And the Commissioner says that an "ALJ's failure to meet the articulation requirements in a decision in no way necessitates a finding that the

Commissioner's position was not substantially justified." (*Id.*; internal citation omitted).

But the ALJ's failure here was more than a "mere articulation error." As the Court explained, the ALJ's decision to discount Minard's opinions could not "logically be squared" with the ALJ's decision to provide greater weight to the opinions of Dr. Martha Pollock, a consulting physician who examined Grabow in May 2017, and Dr. Reuben Henderson, a state agency physician who reviewed Grabow's medical records:

> [T]he ALJ assigned Minard's opinion little weight because she was not the physician who performed Grabow's knee surgery and because her opinion pre-dates certain treatment in the record, but both of those reasons fully apply to Drs. Pollack and Henderson as well. Neither of them performed Grabow's surgery. Dr. Henderson never even examined Grabow; he merely reviewed her records. And both Drs. Pollack and Henderson offered their opinions before Grabow obtained later treatment on her knee. Since the ALJ's reasons for discounting Minard's opinion also applied to Drs. Pollack and Henderson, he should have discounted their opinions too, or, at a minimum, carefully explained why their opinions were entitled to greater weight even though they suffered from the same purported weaknesses as Minard's opinion. The ALJ's failure to do either renders his rejection of Minard's opinion not logically consistent.

(Order, ECF No. 22, PageID.858-859.) And in her papers before the Court, the Commissioner did not explain how the ALJ's discounting of Minard's opinions had "a reasonable basis both in law and fact" when it was fundamentally inconsistent

with the ALJ's treatment of the opinions of Drs. Pollack and Henderson. *Glenn*, 763 F.3d at 498. Indeed, while the Commissioner argued that the "ALJ properly discounted Minard's opinion because it was 'not an opinion from an 'acceptable medical source'" (Order, ECF No. 22, PageID.859, quoting Comm'r Resp. to Objections, ECF No. 21, PageID.843), as the Court pointed out, "the ALJ never said – or even hinted – that he was discounting Minard's opinion because she was a physician assistant or because she was not an acceptable medical source." (*Id.*) For all of these reasons, the Commissioner's position, as a whole, was not substantially justified.

Finally, the Commissioner argues that her position was substantially justified because two judicial officers – the Magistrate Judge and this Court – reviewed the ALJ's treatment of Minard's opinions and came to different conclusions. (*See* Comm'r Resp. Br., ECF No. 25, PageID.892-893.) But as the United States Court of Appeals for the Sixth Circuit has recognized, while "a string of losses or successes may be indicative of whether a position is substantially justified, the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal citation omitted) (concluding that Commissioner's position was not "substantially justified" and remanding for an award of attorneys' fees even though the ALJ, Magistrate Judge, and District Court had all agreed with the

Commissioner's denial of benefits). *See also Dilworth v. Astrue*, 2012 WL 5465990, at *1 (N.D. Ohio Nov. 8, 2012) ("The mere fact that the Magistrate Judge may have agreed with the defendant does not automatically mean that the position was substantially justified").   And here, for all of the reasons explained above, the Commissioner's position was not substantially justified.

### III

For all of the reasons explained above, Grabow's motion for attorneys' fees (ECF No. 24) is **GRANTED**.  Grabow is awarded $8,714.00 in attorneys' fees and an additional $17.25 in expenses as set forth in her reply brief. (*See* Grabow Reply Br., ECF No. 26, PageID.898.)

**IT IS SO ORDERED**.

                                        s/Matthew F. Leitman
                                        MATTHEW F. LEITMAN
Dated:  April 18, 2022                  UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2022, by electronic means and/or ordinary mail.

                                        s/Holly A. Ryan
                                        Case Manager
                                        (313) 234-5126